■ CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant, v PEARL PORT et al., Defendants, and HERBERT S. PORT et al., Respondents. In a condemnation proceeding by a public utility, the condemnor appeals from a final order of the Supreme Court, Orange County, dated August 26, 1975, which, *inter alia,* granted respondents' motion to confirm a report of commissioners of appraisal. Final order reversed, on the law, without costs or disbursements, and proceeding remanded to Special Term for remittal to the same commissioners of appraisal for further proceedings not inconsistent herewith. In determining fair market value, the commissioners have valued this vacant land as having a potential for subdivision development. In such situations, where the acreage is given an added increment of value, the determiners of the facts must separately state the found acreage value and the added increment found, so that intelligent review is possible (see *Matter of County of Suffolk [Firester],* 37 NY2d 649). That has not yet been done. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND RAINEY, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated February 27, 1976, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Under the circumstances outlined herein, appellant failed to demonstrate that he was denied his right to a prompt parole revocation hearing. The time spans complained of were partially attributable to his own conduct, including his change of mind with respect to counsel, and were not unreasonable. The record on this appeal also does not reveal any prejudice accruing to petitioner by reason of the time lapse before the final revocation hearing. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.